## In re LOCKWOOD et al.

(District Court, S. D. New York. October 16, 1900.)

BANKRUPTCY—CONSENT ORDER FOR SETTLEMENT OF ESTATE—RIGHTS OF CREDITORS SUBSEQUENTLY APPEARING.

An order entered by consent of all known creditors in proceedings against an insolvent corporation for the settlement of the estate and distribution of the proceeds as therein provided, but not in accordance with any express provision of the bankrupt act, must be held subject to the rights of any unknown creditors who may appear within the time given by law and present their claims.

In Bankruptcy.

Jacob Marx, for petitioning creditors.

Sullivan & Cromwell, for creditors opposed.

Rollins & Rollins, for bank.

BROWN, District Judge. The order of May 10th did not provide for the settlement and distribution of the estate in a manner authorized by any of the express provisions of the bankrupt act. The mode of settlement and dismissal of the proceeding as proposed was justifiable only upon the consent of all known creditors, or by the provisions which that order contained, for the payment in full of the few known creditors who did not consent. I feel bound to hold that the parties concerned in adopting this method of settlement, took the risk of having its execution interfered with by any additional creditors who might appear within a year and before the provisions of the order were fully executed. Such creditors, proceeding regularly within the time limit of the act, are entitled to their day in court, and to their ratable share in any assets not already distributed. In cases of defunct corporations, the equitable right of such creditors to recognition is stronger than in individual bankruptcies, because

all future remedy of the creditor against the corporation whose assets are distributed, is worthless, though the debtor and the debt remain undischarged; while in individual bankruptcies the continued personal liability of the debtor, is at least of some presumptive value.

In the present case, moreover, there was no publication of notice of the proposed order of settlement and distribution of assets, as required by law in cases of distribution, which could serve as even constructive notice of that order to unknown creditors. So far, therefore, as the assets are not distributed, I must arrest the distribution until the claims of these creditors are liquidated, or found to be invalid. From the papers before me these claims seem to be of very doubtful substance; but it is not for me to pass upon their merits on this motion. They must be heard in the regular course of proceeding. No satisfactory reason appears for the long delay in presenting these claims to the referee, if they have any merit. But as they are presented within the legal period, they must be entertained and passed upon; but the proceedings for doing so ought to be as speedy as practicable.

In view of the special circumstances of the settlement and compromise agreed on, which was the basis of the order of May 10th, the partial execution of the order and agreement, and the fact that the parties cannot be wholly restored to their original positions, it is unnecessary to determine now just what dispositions ought to be made in case these claims, or either of them, are established for any amount, any further than to say, that the lien of the bank under its chattel mortgage on the property from which the existing funds were derived, so far as the mortgage was given for a present valuable consideration, should be reinstated, as against the proceeds remaining, so that the percentage of dividends to be distributed must necessarily be small.

An order for a stay may be entered with a provision for as speedy a liquidation of the claims as practicable.