## In re WOODEND.

(District Court, S. D. New York. November 25, 1904.)

1. BANKRUPTS—COMPOSITION—RATIFICATION.

A bankrupt, having been engaged in stock, bond, and produce brokerage, and having been once expelled from the Consolidated Exchange for fraud, and having conducted his business in such a manner that he failed, owing $227,000, with hardly sufficient assets to pay the expenses of administering his bankrupt estate, organized a corporation to continue the business, and offered in composition to issue to his creditors preferred stock in such corporation to the full amount of their claims, and, in addition, an amount of common stock equal to 10 per cent. thereof. The corporation's articles provided that the common stockholders should have exclusive voting power, and that the amount of capital with which the company should begin business was $1,000, the effect of which arrangement would be to vest in the bankrupt, to whom the entire stock was originally issued in return for the good will of his previous business, entire control of the corporation. *Held*, that in the absence of proof that the stock had been issued for "cash or property," as required by statute, the holders thereof would become personally liable for corporate debts to the amount of the face value of their stock, and hence such composition would not be enforced as against a dissenting creditor.

Charles E. Le Barbier and Marshall S. Hagar, for the motion.
Ernest G. Stevens and Hugo S. Mack, opposed.

HOLT, District Judge. This is a motion to confirm a proposed composition. The bankrupt has offered in composition to each creditor preferred stock in the corporation W. E. Woodend & Co. equal to the full amount of his claim, and in addition an amount of common stock equal to 10 per cent. of his claim. The corporation has been organized since the bankruptcy. The bankrupt and two other persons are incorporators. The certificate states that the object of the corporation is to carry on the business of stock, bond, and produce brokerage; that the amount of its capital stock is $400,000, consisting of 4,000 shares of the par value of $100 each, 2,500 shares being preferred stock and 1,500 common stock; that the holders of the preferred stock shall have no vote, but that the holders of the common stock shall have exclusive voting power; and that the amount of the capital with which the company shall begin business is $1,000. The amount of the stock which has been deposited for the purpose of carrying out this composition is 2,270 shares of preferred stock and 227 shares of common stock. The statute under which the company was incorporated prohibits the issue of stock except for cash or property. There is no proof that the stock has been issued for cash or property. It is asserted by the counsel for the objecting creditors that the entire stock was originally issued to the bankrupt, that $1,000 in cash has been contributed as capital, and that the consideration for the issue of the remaining $399,000 of stock was the right to use the name and credit of the bankrupt and the good will of the stock brokerage business formerly carried on by him. If this is so, in my opinion the transfer of such rights is not a transfer of property, within the meaning of the statute. Even if such rights might be held to be property, it seems doubtful whether they are worth $399,000, in view of the facts that

133 F.—38

the bankrupt was expelled from the Consolidated Exchange for obvious fraud, and conducted his business in such a manner that he failed, owing $227,000, and leaving such trifling assets that the trustee reports that probably nothing will be payable to creditors after the expenses of administration are defrayed. It is claimed that, there being no evidence of illegality in the issue of this stock, the court should presume that it was legally issued. Such a presumption might be proper in some circumstances, but the approval of a composition is discretionary, and, in my opinion, when such an unusual proposal of composition is made as to give stock in full payment without any cash or security, the bankrupt should give some evidence showing that the stock which he offers has some value. If in fact this company starts with only $1,000 capital, its stock, the nominal value of which is $100 a share, has an actual value of 25 cents a share, and its stockholders are personally liable to the amount of the face value of their stock for any debts which may be hereafter contracted by this corporation. As by the proposed composition the bankrupt is to be left with the majority of the common stock, which alone has voting power, his management of it, if unsatisfactory, could not be changed. The actual composition proposed, therefore, as I understand it, consists of an offer to pay debts with worthless stock, the acceptance of which will impose a heavy personal liability. For instance, a creditor for $1,000 is to be forced to accept in full settlement 11 shares, worth $2.75, the acceptance of which would involve him in a personal liability to the extent of $1,100. I think that no such composition should be confirmed. It is urged that a large majority of the creditors have assented to it. Any creditors who choose to make such a settlement are free to do so, but, in my opinion, this court should not compel any dissenting creditor to accept such an offer.

The motion to confirm the composition is denied.