THE ALBERGER CONDENSER COMPANY, *Appellee,* v. THE UNITED WATER, GAS & ELECTRIC COMPANY, *Appellant.*

No. 17,801.

SYLLABUS BY THE COURT.

1. COURTS—*Concurrent Jurisdiction—Comity Between.* Under the facts of this case the district court in assuming jurisdiction hereof did not encroach upon the jurisdiction of the United States circuit court for the district of Kansas, second division; neither was the comity existing between courts of concurrent jurisdiction transgressed thereby.

2. CORPORATION—*Newly Organized—Liable for Debts of Old Corporation.* Where a newly organized corporation succeeds to the business, property and assets of an established cor-

poration without giving to the old corporation any means of discharging its obligation to a creditor, and all the circumstances of the transaction justify an inference that the new corporation is a mere continuance or reorganization of the former, with substantially the same stockholders, the new corporation is responsible for such debt of the former corporation.

Appeal from Reno district court. Opinion filed October 12, 1912. Affirmed.

*A. C. Malloy,* of Hutchinson, for the appellant.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee sued and obtained judgment, in the district court of Reno county, against the appellant on the ground that appellant is liable to pay a judgment which the appellee had obtained in a federal court of New Jersey against the Water, Light & Gas Company. The latter company was a corporation doing business at Hutchinson, Kan., and became indebted in large amounts to numerous creditors, among whom was the appellee. It was temporarily, at least, insolvent. In this situation certain of the stockholders filed a petition in the United States circuit court of Kansas in which they alleged the insolvency of the corporation and asked the appointment of a receiver to take charge of its business to conserve the interests of the stockholders and its creditors. The corporation entered its appearance by its solicitor without summons or subpœna, confessed the allegations of the petition and consented to the appointment of a receiver. A receiver was appointed; he qualified and took charge of the property and assets of the company and for a time conducted its business. The receiver was a stockholder in and general manager of the old company, and he with other stockholders and creditors thereof

evolved a plan to finance and organize a new corporation to buy the property and assets of the old corporation and also to buy out a competing company. The receiver petitioned the court for an order to make the sale and set forth therein the plan substantially as follows: the secured creditors had agreed in writing to accept certain specified securities, and about ninety-five per cent of the unsecured creditors had agreed to accept preferred stock in the new company at par value. and to the amount of their respective claims.

The application for an order of sale was allowed and the sale was made to the appellant, which was evidently organized and incorporated for the purpose of making the purchase, taking over the property and continuing the business of the old company. The sale was approved and confirmed by the court, and the old corporation also made its deed conveying all its property and assets to appellant.

It seems to be conceded that the holders of the common stock in the new corporation are substantially the same persons who owned the stock of the old company.

The appellee contends that the whole proceeding in the federal court was collusive and for the purpose, on the part of the plaintiff stockholders therein and others, to gain an unfair advantage to themselves. There does seem to have been little or no adversary contention in the whole proceeding. It was certainly not an action in which issues were joined and which were tried and adjudicated by the court and final judgment rendered, but the proceeding consisted of a succession of orders made upon the application of the parties or of the receiver to which all parties represented in court consented; yet proper orders seem to have been made by such agreement for the protection of all concerned except it be the appellee. It appears to be the only creditor who did not sign the agreement to accept preferred stock in the new company for its claim against the old company. It was, however,

given an opportunity to be heard by the following order included in the decree.

"It is further considered, ordered, and adjudged that each of said creditors who have not signed said agreement as aforesaid, be and they are hereby notified to intervene in this cause on or before sixty days from the service of such notice, and set forth whatever preferential liens, claim or interest they may have or claim to have to the property of said defendant company or any portion thereof; any creditor failing to appear and present his claim on or before sixty days after the service of such notice shall be forever barred, estopped from setting forth or claiming any lien or interest in and to the property of the defendant company."

The appellee filed an intervening petition in substance like its petition in this case. But, having theretofore commenced this action in the district court, when the matter came up for consideration in the federal court, on the agreement of the parties it was continued until this case should be disposed of.

The comity between courts of concurrent jurisdictions, which appellant vigorously urges in support of its contention that the federal court has exclusive jurisdiction of the matters herein and that the state courts have no jurisdiction thereof, it thus appears has at the instance of both parties been exercised by the federal court in relegating the matter to the state court for its determination.

There is therefore no conflict of jurisdiction between the courts, and neither in the district court nor in this court is there any issue requiring any reconsideration of any action taken by the federal court. All the orders and proceedings of that court are conclusive in the state courts as to the matters therein involved.

The relation of the parties, however, in that proceeding, their unity of interest and the lack of any adversary contentions therein—in fact the whole transaction with the results thereof—is a matter for consideration in the state courts as fully as it would

have been in that court had this action been therein tried on the intervention petition or in an independent action.

It follows that there remains only to determine whether the district court erred to the prejudice of the appellant in rendering the judgment appealed from.

In answering this question a view of the whole transaction is proper and illuminating. The unquestioned fact is that the appellant acquired all the property and assets of the old corporation without giving that corporation anything with which the appellee's debt could be paid. True, the appellant or the organizers paid the delinquent taxes of the old company and probably used some money in adjusting other debts and claims. It settled practically all claims of other creditors by bonds or stock in the new company. All this was done by contract. The appellee, however, had a money judgment against the old company and could be compelled to accept nothing but legal tender therefor. (*In re Northampton Portland Cement Co.,* 185 Fed. 542.) The appellant, having the property and substantially the same stockholders as the old, extinct company, is responsible to appellee for the debts as the district court decided. (*Altoona v. Richardson,* 81 Kan. 717, 106 Pac. 1025; *Douglas Printing Co. v. Over,* 69 Neb. 320, 95 N. W. 656; *Hibernia Ins. Co. v. St. Louis & New Orleans Transp. Co.,* 10 Fed. 596.) (See, also, *Louisville Trust Co. v. Louisville &c. R'y,* 174 U. S. 674-684.)

The pleadings, the evidence, and the whole transaction of the passing of the old company out of the business and the acquiring of its property and business by appellant, justify the findings which the judgment of the district court implies that the new company is, in fact, but a continuation or reorganization of the old company. If such is the fact the judgment should be affirmed. (*Austin v. Tecumseh Nat. Bank,* 49 Neb. 412, 68 N. W. 628, 35 L. R. A. 444.)

If appellee recovers the amount of its judgment it may or may not fare better eventually than the other unsecured creditors of the old company. If it fares better, it constitutes no ground for not according to it its legal rights. The new company at its organization recognized its obligation to all the creditors of the old company, but to the unsecured creditors it tendered a trade instead of payment. The appellee refused the trade, as it had a right to do.

We have not commented upon but have considered all the suggestions made and authorities cited by the appellant.

The judgment is affirmed.