### In re THOMPSON.

(District Court, D. New Jersey. April 7, 1915.)

BANKRUPTCY ☞336—CLAIMS—FILING—AMENDMENT.

    Under Bankruptcy Act July 1, 1898, c. 541, § 57a, 30 Stat. 560 (Comp. St. 1913, § 9641), providing that proof of claims shall consist of a statement under oath signed by the creditor setting forth the claim, the consideration therefor, and whether any, and, if so, what, securities are held therefor, and what payments have been made thereon, and that the sum claimed is justly owing, and section 57n, providing that claims shall not be proved subsequent to one year after the adjudication, where, in response to an inquiry from a receiver in bankruptcy prior to the adjudication, a creditor wrote the receiver, stating the amounts of the notes held by it on which the bankrupt was liable, and the collateral security held therefor, but there was no intention thereby to file a claim, and there was no direction that the letter should be filed as a claim, and it was not so filed, the letter was not such proof of the claim as could be amended, more than one year after the adjudication, by the filing of a proper claim.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 523, 524; Dec. Dig. ☞336.]

In Bankruptcy. In the matter of William J. Thompson, bankrupt. On review of the referee's order directing the filing of the claim of the First National Bank of Woodbury. Reversed.

See, also, 205 Fed. 556.

Bleakly & Stockwell, of Camden, N. J., for trustee.

A. H. Swackhamer, of Woodbury, N. J., for creditor.

RELLSTAB, District Judge. The referee's order under review permits the First National Bank of Woodbury to (in the language of the order) "amend its proof of claim to conform to the formal requirements of the Bankruptcy Act and general orders." Sections 57a and 57n of the Bankruptcy Act provide:

57a: "Proof of claims shall consist of a statement under oath, in writing, signed by a creditor setting forth the claim, the consideration therefor, and whether any, and, if so what, securities are held therefor, and whether any, and, if so what, payments have been made thereon, and that the sum claimed is justly owing from the bankrupt to the creditor."

57n: "Claim shall not be proved against a bankrupt estate subsequent to one year after the adjudication. * * *"

No proof of claim meeting such requirements was filed by the bank within one year after the adjudication. Before adjudication, and while the estate was in the custody of a receiver, the following correspondence took place between the attorneys of the receiver and such bank:

"April 27, 1911.

"First National Bank, Woodbury, N. J.—Gentlemen: In re William J. Thompson, bankrupt. On behalf of Henry J. West, receiver in bankruptcy, we would request that you advise us at once as to the amount of the indebtedness of Mr. Thompson to your bank, and also the amount and character of the collateral which you hold as security with each note held by you. Kindly also state when each note falls due. It is necessary for us to make a report at once to the court as to the condition of his assets. Kindly also advise us as to the amount of his cash balance, if any, in your bank to the credit of his account.

"Very truly yours, Bleakly & Stockwell."

"Woodbury, N. J., May 2, 1911.

"Bleakly & Stockwell, Attorneys for Henry J. West, Receiver in Bankruptcy for William J. Thompson—Dear Sirs: Your favor of April 27th has been received and contents carefully noted. We beg to report the indebtedness of William J. Thompson, of Gloucester City, N. J., to this bank, as follows:

"$3,500 note of Harry M. Harley, indorsed by William J. Thompson, due and protested on April 27, 1911. Also holding note of H. M. Harley, deceased, for $4,500, that fell due on October 27, 1910, with this.

"Note of William J. Thompson for $10,000, due June 27, 1911, with 200 shares of the capital stock of the Gloucester Ferry Co. and $2,000 of bonds of Fries-Harley Co.

"Yours very truly, J. F. Graham, Cashier."

The referee agreed with the contention of the bank that its letter was a sufficient filing of a claim to permit of an amendment to make it conform to the quoted requirements of the Bankruptcy Act. There is nothing in the bank's letter from which it can be inferred that it intended thereby to file a claim against the estate. Neither of the bank's officials who testified in this matter stated that such was the intention. There was no direction that such letter should be filed as a claim, and it was not so filed. To my mind, the rule declared in Re McCallum & McCallum (D. C. E. Dist. Pa.) 127 Fed. 768, is controlling. In that case Judge McPherson, at page 769, said:

"With every disposition to be liberal in the allowance of amendments, there is nevertheless a limit to the power of the court in this regard. If the year within which claims may be proved is still unexpired, amendments are largely a matter of course; but after the expiration of the year a different situation is presented. The rights of creditors are then fixed by the act itself, and no new right can be introduced. If the proof of a right that had already been asserted in substance should thereafter be found to lack form or precision, ordinarily, I suppose, such defect might still be remedied; but, as Judge Archbald said in a similar case (his opinion was afterward adopted by the Circuit Court of Appeals): 'The general right to amend, regardless of the time which has elapsed, is abundantly sustained by the authorities. * * * But to do so, it is plain, there must be in the record, as it stands, the substance of that which is asked for. The right to amend can go no further than to bring forward and make effective that which in some shape is already there.' In re Mercur (D. C.) 116 Fed. 655; Id., on appeal, 122 Fed. 384, 58 C. C. A. 472."

In re Fairlamb (D. C. E. Dist. Pa.) 199 Fed. 278, and In re McCarthy Portable Elevator Co. (D. C. Dist. N. J.), 205 Fed. 986, are reported instances in this circuit of the liberality in allowing amendments to matters of record relating to creditors' claims; but in these cases, as well as in all others brought to the attention of the court, wherein such amendments were allowed, there was either something in the nature of a claim filed or entered of record within the prescribed year, or the creditor had endeavored to file his claim within such period with the proper officer.

The bank not having filed or attempted to file the claim in question within such year, there is nothing of record to support the order under review. Therefore it must be reversed.