No. 20,074.

J. W. LEDBETTER, *Appellee,* v. THE SUNFLOWER STATE OIL COMPANY et al. (THE CUDAHY REFINING COMPANY, *Appellant*).

No. 20,080.

NELLIE LEDBETTER, *Appellee,* v. THE SUNFLOWER STATE OIL COMPANY et al. (THE CUDAHY REFINING COMPANY, *Appellant*).

SYLLABUS BY THE COURT.

1. CORPORATION—*Entire Assets Absorbed by Another Corporation—Original Corporation Dissolved—Absorbing Corporation Liable for Tort of Original Corporation.* In an action to recover damages for a tort committed by a corporation, in which action another corporation was joined as defendant, the petition alleged that, subsequent to the injury and damage complained of, the first corporation sold and transferred to the other all its capital stock, assets, contracts, and franchises, and

Ledbetter v. Oil Co.

thereafter ceased business; that it was consolidated with and merged into the absorbing company, which by reason thereof became its successor. *Held,* that the petition stated a cause of action against the absorbing corporation.

2. SAME—*Liability of Absorbing Corporation—Established in One Action.* Where the absorbing corporation is by law answerable for the liabilities of the old, such liability as well as the extent and amount thereof may be established in one action, and it is not essential, even in the case of a claim founded upon a tort, that the creditor first establish his demand against the original tort-feasor.

Appeals from Barton district court; DANIEL A. BANTA, judge. Opinion filed November 6, 1915. Affirmed.

*J. E. McFadden, O. Q. Claflin,* both of Kansas City, *William Osmond,* and *Elrick C. Cole,* both of Great Bend, for the appellant.

*F. Dumont Smith,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The plaintiff in each of the foregoing actions seeks to hold The Cudahy Refining Company, sued jointly with The Sunflower State Oil Company, for the wrongful death of plaintiffs' son. The Cudahy Refining Company demurred to the petition, and appeals from an order overruling the demurrer. The trial court continued the cause generally pending the determination of the appeal.

The petition, briefly summarized, alleged that for some time prior to the injury complained of "there had been a community of interest and operation between the two companies"; that certain stockholders and officers of the one were also stockholders and officers of the other; that since the injury and damage to the plaintiff an agreement was entered into between the defendants by which the Sunflower company sold and transferred to the Cudahy company all its capital stock, assets, contracts, and franchises; that since such transfer the Sunflower company has ceased business and has no office in Kansas or elsewhere, and no property, and that plaintiff can not obtain service upon it in any manner. It alleged further, that "by reason of the agreement and transfer" the Sunflower company was consolidated and merged into the Cudahy company; that the latter is the successor of the former, and that by reason of the

foregoing facts the Cudahy company has become liable for plaintiff's claim. In substance, the petition alleged: consolidation, succession, and receipt by the Cudahy company of all the assets of the old company.

We think, without question, the petition states a cause of action. In *Altoona v. Richardson*, 81 Kan. 717, 106 Pac. 1025, a case similar in many respects, except that the old company received stock in the new in exchange for its assets, and retained its corporate entity, it was held that the company acquiring the assets of the old company was liable for its debts to the extent of the value of the property so acquired. The opinion refers with approval to a Note in 11 L. R. A., n. s., 1119, where the general rule is thus stated:

"Where the corporation incurring the liability ceases to have an independent existence *de jure*, the consolidated or absorbing corporation is liable at law, as well as in equity, the ground for such liability being sometimes stated to be the continuance of the original corporation under a new guise, . . . and sometimes to be an assumption of liabilities arising by implication. . . . Where, however, there is an absorption of the business and assets—in other words, a merger *de facto* —by either a corporation formed for the purpose, or one already in business, the liability of the corporation receiving the assets is rested upon the familiar trust-fund doctrine, since such receiving corporation does not stand as a *bona fide* purchaser for value. In such case the extent of the liability is necessarily determined by the value of the property received." (p. 1120.)

While it is hardly accurate to say that the "trust-fund" doctrine applies strictly to such a situation, it may be said to apply by way of analogy. In the opinion denying a rehearing in the case of *Berry v. K. C., Ft. S. & M. Rld. Co.*, 52 Kan. 774, 36 Pac. 724, it was ruled in the syllabus:

"Where two or more corporations are consolidated into a new corporation, with a new name, and the old corporations go entirely out of existence, if no arrangements are made respecting the property and liabilities of the corporations that cease to exist concerning the debts and obligations of such corporations, the consolidated or new corporation will be answerable for the liabilities of its constituent companies. In such a case, the new corporation succeeds to all the property of the old corporations, and the debts of the old corporations become by implication the obligations of the new corporation."

The leading authorities upon the question are quite thoroughly discussed in the opinion in the Altoona case, *supra,* and an extended review of them here is not deemed necessary.

Where the absorbing corporation is by law answerable for the liabilities of the old, we can see no substantial reason why such liability, as well as the extent and amount thereof, may not be established in the same action, nor why the creditor should be required first to proceed against the original debtor and establish his claim. In *Coal Co. v. Nicholson,* 93 Kan. 638, 145 Pac. 571, the creditor was permitted to recover from the absorbing company numerous claims for indebtedness incurred in the name of the old company without first proceeding against the old company. In the Altoona case the city was allowed to proceed directly against the new corporation and recover a debt incurred by the old. Some reliance is sought to be placed by defendant upon language in the opinion in *Coal Co. v. Nicholson,* supra, which states broadly the general rule that the new company is not liable for the debts of the old where there has been an actual purchase of property. The opinion, however, recognizes the numerous exceptions to the rule and follows what was decided in the Altoona case.

The petition alleges sufficient facts to show a liability of the defendant for the debts of the old company, and the general statement that the old company "sold and transferred its property to the Cudahy company" does not destroy or limit the other averments. The ruling upon the demurrer will be affirmed.