No. 20,998.

WILLIAM E. JACKSON, *Appellee*, v. THE KNIGHTS AND LADIES OF THE ORIENT, and THE NATIONAL INDUSTRIAL INSURANCE COMPANY, *Appellants*.

### SYLLABUS BY THE COURT.

1. FRATERNAL BENEFICIARY ASSOCIATION — *Judgment — Evidence.* A judgment against a fraternal beneficiary association for the services of a medical examiner held to be sustained by the evidence and to be free from error.

2. SAME—*Assumption of Liabilities by Another Corporation.* The situation held not to require a decision as to the validity of a contract by which some of the liabilities of a fraternal beneficiary association were assumed by another corporation, in consideration of the transfer of its assets.

3. SAME—*Transfer of Assets of Beneficiary Association—Liability of Transferee.* The .transfer of the assets of a fraternal beneficiary association to another corporation held to have been made under circumstances resulting in a substantial merger, such as to impose a liability upon the new company with respect to the debts of the old.

4. SAME. Where one corporation goes out of business and transfers its assets to another under such circumstances that a practical merger results, the liability of the new company for the debts of the old is measured, not by the value of the total amount of property it has received, but by the value of the portion thereof to which creditors of the old company had a right to look for the payment of their claims.

5. SAME—*Special Fund for Payment of Certificates — Exempt from Claims of Creditors.* Under a statute authorizing a fraternal beneficiary association to create a special fund for the payment of certificates issued to its members, and making it unlawful to use any portion thereof for expenses, the accumulations of such a fund are exempt from application to the claims of general creditors of the association.

Appeal from Shawnee district court, division No. 1; ALSTON
W. DANA, judge. Opinion filed July 7, 1917. Reversed in part.

*W. A. S. Bird,* and *Edwin D. McKeever,* both of Topeka, for
the appellants.

*W. R. Hazen,* and *H. W. Page,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: William E. Jackson was the medical director
of the Knights and Ladies of the Orient, a fraternal beneficiary
society incorporated under the laws of Kansas. He brought
an action against the society for an amount alleged to be due
him for services in that capacity, joining as a defendant
another Kansas corporation, The National Industrial Insurance
Company, which he asserts became liable for the payment of
his claim through its having become the virtual successor of
the other organization. He recovered a judgment against both
defendants, and they appeal.

1. The plaintiff's case is based upon a charge of fifty cents
for each medical examination made by him, and twenty-five
cents for each approval of an application. His claim against
the original company is disputed upon the ground that he
had not performed his official duties, that he had not made the
number of examinations and approvals shown by his state-
ment, that a part of them were made after his services had
been dispensed with, and that a compromise and settlement
had been effected. A question was also involved of the can-
cellation of a credit of $300, which had been made on the ac-
count by reason of beneficiary certificates issued for the plain-
tiff, but which according to his contention were afterwards re-
pudiated. On each of these issues we think the evidence must
be regarded as sufficient to support the findings for the plain-
tiff implied by the general verdict. A special question was
submitted to the jury requiring them to state the number of
examinations and approvals the plaintiff had made up to the
date at which it was asserted that his official duties had ceased.
They at first answered that the evidence did not show, but upon

being given opportunity for further consideration they inserted figures mentioned in their presence by the plaintiff's attorney. Complaint is made of this proceeding. Inasmuch as the jury manifestly gave full belief to the plaintiff's entire version of his relations with the society, the question regarding the amount of work done by a particular time was not vital in itself; and we do not think the record shows that the verdict was reached without fair consideration, although the account was so involved that some confusion was natural.

Complaint is also made of the instructions given and refused, and of a number of other rulings. We do not, however, find any ground for reversing the judgment so far as it depends upon the liability of the Orient society, and the questions presented relating to that phase of the case are not thought to require further discussion.

2. The trial court in effect instructed the jury that if the plaintiff had established his claim against the Orient society the Industrial company was also liable. This instruction was based upon the fact that it was shown beyond controversy that the former corporation had ceased to do business, and that the latter had acquired all of its assets. A written contract between the two companies was executed on December 31, 1912, and was approved by the state superintendent of insurance on January 30, 1913. By its terms the Industrial company, in consideration of the transfer to it of all the assets, rights and privileges of the Orient society, expressly assumed all the liabilities of the latter organization upon its outstanding beneficiary certificates, but none other. Prior to 1913 two fraternal beneficiary associations had no power to consolidate, nor could one of them assume liability for death claims which had already accrued against another. (*Bankers' Union v. Crawford,* 67 Kan. 449, 73 Pac. 79.) On the 1st of March in that year a new act took effect which authorized consolidation or reinsurance between such associations, one section of it undertaking to legalize any contracts of that character which had previously been made with the consent of the superintendent of insurance. (Gen. Stat. 1915, §§5418-5420.) The Industrial company, however, is not a fraternal beneficiary association as defined by the statute (Gen. Stat. 1915,

25—101 Kan.

§ 5401), but is a corporation for profit, so that the act of 1913 seems not to affect the matter, and the decision cited is not explicitly in point. The validity of the contract need not be passed upon.

3. The parties to the contract have acted upon it and make no challenge of its legality. Whether or not it is in all respects legal, under its operation the Orient society has practically ceased to exist and the Industrial company has acquired all of its assets, rights and privileges. The situation amounts to a substantial merger under such circumstances as to charge the going corporation to a certain extent with the liabilities of that which it in a way replaces. (*Altoona v. Richardson*, 81 Kan. 717, 106 Pac. 1025; *Ledbetter v. Oil Co.*, 96 Kan. 636, 152 Pac. 763; Note, 32 L. R. A., n. s., 616.)

4. But the ground upon which such successorship of liability is based is that the old company has parted with all its property, constituting the only fund to which its creditors can look for the payment of their claims, receiving nothing in return that is available for that purpose, and therefore the new company is deemed to take the assets, not by the clear title that would pass to a purchaser in good faith, but charged with a virtual lien for the protection of claimants whose security has otherwise been lost through the transaction in which it has participated, and of which it is the beneficiary. It follows that the liability of the successor company is measured, not by the total amount of property it has received, but by the value of the portion thereof to which creditors of the old company had a right to look for the payment of their demands. Here there was some evidence that the only assets of the Orient society which the Industrial company received consisted of the beneficiary fund, which had been set apart for the payment of certificates issued to members, as losses should occur. If, as the defendants maintain, that fund was exempt from the demands of general creditors of the Orient society, the question should have been submitted to the jury whether any assets other than the special fund referred to had been transferred from one company to the other, and they should have been instructed that the liability of the Industrial company was limited to the value of the nonexempt property it had received. It is therefore necessary to determine the soundness of the claim of exemption.

Jackson v. Insurance Co.

5. The section of the statute (Gen. Stat. 1915, § 5411) which makes the money to be paid in benefits—the reserve or emergency fund of the association—exempt from appropriation by creditors of the beneficiary; probably has no direct application to the matter, as it does not, in terms at least, relate to claims against the association. In other sections, however, the creation of a reserve or emergency fund is authorized (§ 5401), and the use by the officers of any part of the mortuary or emergency fund for expenses is forbidden (§ 5408). The laws of the Orient society provided for the creation of a beneficiary fund to be used only for the payment of death or disability claims, a portion of it to be transferred to a reserve fund held for the same purpose. Under such circumstances it is established by a practically unbroken line of authorities that the money so set apart to meet beneficiary certificates becomes a trust fund to which general creditors of the association may not look for the payment of their demands. (Niblack, Mutual Benefit Insurance, 2d ed., §§ 126, 309; 7 C. J. 1068; Note, 6 L. R. A., n. s., 235.)

We accept that view, and as a necessary consequence hold that in order for the plaintiff to recover against the Industrial company it was necessary for him to show that it had received from the Orient society assets other than the accumulations of the beneficial and reserve funds, to the amount of his claim.

The judgment against the Orient society is affirmed. The judgment against the Industrial company is affirmed so far as it constitutes an adjudication that the plaintiff has a valid claim against the Orient society for the amount found due him; otherwise it is reversed and the cause is remanded with directions to try the issue whether any property was acquired from the old corporation other than such as was beyond the reach of its general creditors, and to render judgment in accordance with the result of that trial.