No. 21,737.

COLONEL CROZIER, *Appellee*, v. THE MENZIES SHOE COM-
PANY, of Detroit, Michigan, (THE MENZIES SHOE COMPANY,
of Milwaukee, Wisconsin, *Appellant*.)

### SYLLABUS BY THE COURT.

NEW CORPORATION—*Absorbing Assets of Existing Corporation—Rights
of Creditors of Older Corporation.* Where a new corporation is
created and its corporate structure and business policy are shaped
by the principal stockholders ond officers of an older corporation, and
the main part of the business, assets, and the corporate name of the
old company are conveyed and surrendered to the new corporation,
and the provision for the payment of the debts of the old corpora-
tion is insufficient to satisfy creditors, or the creditors are hindered
or inconvenienced thereby, such creditors may require their due at
the hands of the new corporation, to the extent of the corporate as-
sets which it has acquired from the old company.

Appeal from Geary district court; ROSWELL L. KING, judge.
Opinion filed October 12, 1918.   Affirmed.

*U. S. Weary,* of Junction City, *Francis Bloodgood, jr., Jack-
son B. Kemper,* and *Wheeler P. Bloodgood,* all of Milwaukee,
Wis., for the appellant.

*J. V. Humphrey, A. S. Humphrey,* both of Junction City,
and *W. T. Roche,* of Clay Center, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff sued the Menzies Shoe Company,
a Michigan corporation, and garnisheed certain moneys in the
hands of a Geary county, Kansas, firm for a sum due him for
services.   Another corporation, the Menzies Shoe Company,
of Wisconsin, was permitted to intervene, and it claimed the
money in the hands of the garnishee.   Then the plaintiff
amended his petition and made the latter company a code-
fendant.   The parties stipulated that the money really be-
longed to the Wisconsin corporation, but plaintiff claimed that
the latter was bound as the business successor of the Michi-
gan company and possessed of its assets, and that the Wis-
consin company had obligated itself to pay the debts of the
Michigan company.

The trial court gave judgment for plaintiff. Defendant contends that—

"The court erred in his conclusion of law that the appellant assumed and became liable for the alleged debt of its codefendant, and that the funds in the hands of the garnishees could and should be subjected to the payment of the same."

What merit there may be in this contention depends upon the relationship of the two corporations. Aside from the admissions and statements touching the Wisconsin company's acquisition of part of its predecessor's assets, the only evidence was a deposition of a director of the Wisconsin corporation. Included in this deposition were copies of contracts disposing of the business of the Michigan corporation.

The principal stockholders of the Menzies company and another shoe company of Milwaukee, and the old Menzies company, and the president of the latter individually, all agreed that a new Menzies Shoe Company should be organized in Wisconsin, that it should assume the old company's corporate name, and that the president of the old company should be president of the new company; the four parties agreed as to the capitalization of the new company and as to its disposition; they agreed that the old company should cease to do business; and they agreed that the assets should be apportioned in part to the new company and in part to the outside corporation. They all agreed, in short, to deal with and dispose of the old company's assets and business as their own, and to create a nominally independent business successor for the old Menzies company. The contracting parties made some provision for the collection of outstanding accounts of the old company and for their application to the satisfaction of its debts, but the rights of creditors are not limited to any fund thus created. If that fund is insufficient or inconvenient to reach, they are entitled to sweep these agreements aside, for the contracting parties could bind nobody but themselves. They could not prejudice the rights of creditors. Indeed, since the president of the old company, and the outside Milwaukee company, saw fit to intermeddle with and dispose of the old company's assets and business and to create a business successor for the old company, not only is that business successor liable for the old company's debts, but the inter-

meddlers are also liable.   The parties who brought about this arrangement and effected this transaction could not create and establish 'the appellant as the business successor of the old company and shape its corporate structure and business policy and endow it with the advantages of the latter without also imposing upon it the disadvantages, that is, the liabilities of the old company.   The capital and assets of the old company were a trust fund for the payment of its debts.   The Wisconsin company holds and enjoys all, or nearly all, the assets of the old company; it did not procure them as a wholly independent purchaser at a fair sale, nor otherwise freed of the pertinent liabilities attaching thereto.   (*Altoona v. Richardson,* 81 Kan. 717, 106 Pac. 1025; *Condenser Co. v. Electric Co.,* 87 Kan. 843, 126 Pac. 1087; *Flemming v. Light and Power Co.,* 90 Kan. 763, 771, 772, 136 Pac. 228; *Coal Co. v. Nicholson,* 93 Kan. 638, 145 Pac. 571; *Ledbetter v. Oil Co.,* 96 Kan. 636, 152 Pac. 763.   See, also, 10 Cyc. 287, 288; 7 R. C. L., § 169; and notes in 47 L. R. A., n. s., 1058; id. 1068.)

The facts adduced in this case were sufficient to justify and require the application of the principles of law which we have quoted, and the judgment is affirmed.