## In re McCALLUM & McCALLUM.

(District Court, E. D. Pennsylvania. February 11, 1904.)

No. 993.

1. BANKRUPTCY—PROOF OF CLAIM—AMENDMENTS.

A creditor who proved a claim against the estate of a bankrupt partnership, based on a promissory note made by the firm, cannot, by amendment after the expiration of the year allowed for filing claims, add a claim against the estate of one of the partners, based upon his indorsement of the note, which would be to permit the proof of an entirely new claim on a separate contract, and not an amendment of the prior proofs.

In Bankruptcy. On certificate from referee.

Warner & Houseman, for First Nat. Bank of Bethlehem, Pa.
John Dickey, Jr., for Sixth Nat. Bank of Philadelphia, Pa.

J. B. McPHERSON, District Judge. With every disposition to be liberal in the allowance of amendments, there is nevertheless a limit to the power of the court in this regard. If the year within which claims may be proved is still unexpired, amendments are largely a matter of course, but after the expiration of the year a different situation is presented. The rights of creditors are then fixed by the act itself, and no new right can be introduced. If the proof of a right that had already been asserted in substance should thereafter be found to lack form or precision, ordinarily, I suppose, such defect might still be remedied; but, as Judge Archbald said in a similar case (his opinion was afterward adopted by the circuit court of appeals):

"The general right to amend, regardless of the time which has elapsed, is abundantly sustained by the authorities. * * * But to do so, it is plain, there must be in the record, as it stands, the substance of that which is asked for. The right to amend can go no further than to bring forward and make effective that which in some shape is already there." In re Mercur (D. C.) 116 Fed. 655; Id., on appeal, 122 Fed. 384, 58 C. C. A. 472.

That was an effort to amend proceedings against the two members of a partnership, who had been adjudged bankrupts individually, and had been discharged, so as to bring in the firm, and have an adjudication against the partnership also. Here the partnership and individual members have all been adjudged bankrupts, and a creditor, having proved his claim against the firm, seeks to amend it after the year has expired so as to add to it a claim against one of the members upon a separate contract. The facts are these: The bankrupt firm made a promissory note payable to the order of William H. McCallum, one of the partners, by whom it was duly indorsed. The claim against the firm, based upon their contract as makers, was proved by the creditor; but the claim against William's individual estate, based upon the separate and distinct contract of indorsement, has not been proved. The year has gone by, and to permit the proof of claim that is now upon file with the referee to be so amended as to include the second contract would not, in my opinion, be the allowance of an amendment at all, but the allowance of a wholly new claim, in the face of the statutory prohibition. The contract entered into by the maker of a promissory note and the contract entered into by the indorser are entirely distinct and separate undertakings. It does not affect this conclusion that the contract of indorsement is made by a member of the firm that has previously made the other contract. The same man has made two contracts in different characters—one as a partner, and the other as an individual. The question now presented was substantially decided by this court in Re Moebius, 116 Fed. 47.

The objection to the amendment was not made by the trustee, but by another creditor; and it is argued that a creditor has no more right to object to a petition for amendment than to appeal from the allowance of a claim (Chatfield v. O'Dwyer, 101 Fed. 797, 42 C. C. A. 30), or to institute proceedings for the reconsideration and allowance of claims after the appointment of a trustee (Re Lewensohn, 121 Fed. 538,

127 F.—49

57 C. C. A. 600). It is not necessary to consider this argument, however, for, even if no objection had been made, the allowance of the amendment was not a matter of course, but rested in the sound discretion of the referee, especially since the year had expired. If he had granted the petition to amend, the right of a creditor to have his ruling reviewed would be presented; but he has rejected the amendment, and I am bound to assume that he would have rejected it even if no creditor had interposed an objection. The creditor's objection is therefore an immaterial matter.

The decision of the referee is approved.