---

In re COE et al.

(District Court, S. D. New York. May 7, 1909.)

No. 9,649.

1. BAILMENT (§ 25*)—MISAPPROPRIATION BY BAILEES—RIGHTS OF BAILORS.

Goods were shipped under bills of lading consigned to claimant bank, and on arrival drafts accompanying the bills were paid by the bank, which thereupon drew other bills for an equivalent amount on the bankrupts, which were accepted. The goods were then delivered to the bankrupts on their executing trust receipts by which the bank retained title to the goods and their proceeds; the bankrupts agreeing to sell the goods and account and pay over the proceeds to the bank as collected. This they did not do, but misappropriated the same. Held, that the bankrupt firm and its members were jointly liable to the bank on a simple contract liability on the acceptances, and also jointly and severally liable on a claim either in tort, or quasi contract at the bank's election for such misappropriation.

[Ed. Note.—For other cases, see Bailment, Dec. Dig. § 25.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 309*)—PARTNERSHIP—COMPOSITION OF CLAIM AGAINST PART-
NER—EFFECT.
Where a bankrupt firm and its partners were jointly liable to a bank
on certain acceptances, and were jointly and severally liable in tort, or
on a quasi contract for misappropriation of the proceeds of goods belong-
ing to the bank, the latter was entitled to file a double proof of claim
against the partnership assets, and against the individual assets of each
partner, and hence the bank, by releasing its claim against one of the
partners for a payment of 20 per cent. of its original claim, expressly re-
serving all other rights, did not elect to treat the indebtedness as a simple
contract debt of the firm on the acceptances nor preclude itself from en-
forcing the remainder of its claim against the firm assets and those of
the other partner.
[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 309.*]

See, also, 157 Fed. 308.

Rounds, Hatch, Dillingham & Debevoise (Ralph S. Rounds, of
counsel), for claimant Sovereign Bank of Canada.
White & Case (Joseph M. Hartfield, of counsel), for trustee.

HOLT, District Judge. This is a proceeding to review an order
of the referee expunging a claim for $56,926, filed by the Sovereign
Bank of Canada against the separate estate of the bankrupt Coe. On
February 15, 1907, the firm of Cadenas & Coe, composed of Edward
P. Coe and William H. Knox, were put into bankruptcy. The firm
had been for many years previously engaged in business in New York
as importers of African goods. Some time prior to the bankruptcy,
they made an arrangement for a credit with the Sovereign Bank of
Canada, which had an agency in New York. Under this arrange-
ment they purchased a large amount of ostrich feathers in Africa,
paying for them by drafts on the Sovereign Bank of Canada. The
goods were consigned to the bank. The bills of lading given for the
goods described the bank as their owner. When the drafts, accom-
panied by the bills of lading, reached the bank, they were paid. The
bank thereupon drew bills for an equivalent amount upon Cadenas
& Coe, which were duly accepted. They also transferred the bills of
lading to Cadenas & Coe, taking from them trust receipts, which re-
cited that Cadenas & Coe had received from the Sovereign Bank of
Canada the bills of lading and invoices for the ostrich feathers, and
that Cadenas & Coe thereby undertook to sell the property for ac-
count of the bank, and to collect the proceeds of the sales thereof, and
to deposit the same immediately on receipt thereof in the said bank
at New York. The receipts acknowledged that Cadenas & Coe were
bailees for the said property for the said bank, that the bank might at
any time cancel the bailment or trust, and that, in such event, Cadenas
& Coe undertook and agreed to return all unsold goods at once on
demand, or to pay the value of the said goods. Thereupon Cadenas
& Coe sold the goods on a term of credit, usually, of about 60 days.
It was understood by both parties that the goods were to be sold on
credit. Cadenas & Coe collected from the proceeds of said goods
about $70,000, but did not turn it over to the bank. When the bank-

ruptcy occurred, the entire amount substantially had been disposed of by Cadenas & Coe.

Shortly after the bankruptcy, a composition was proposed in behalf of the partner Knox individually, and of the firm of Cadenas & Coe, but not in behalf of the partner Coe individually. This composition provided for the payment of 20 per cent. of the firm indebtedness. It was assented to by the requisite number of creditors, and was duly authorized by an order of this court. The Sovereign Bank of Canada did not formally sign the consent to the composition, but its representative announced, at a meeting of creditors, when the composition was under consideration, that it had no objection to it. It had at that time filed no proof of claim either against the firm or against the individual partners, and the amount of its claim was not then exactly liquidated. A statement was subsequently made up, showing an indebtedness of about $71,000. Thereupon a stipulation was entered into between the bankrupt Knox and the attorneys for the bank, deciding the amount of the indebtedness to be at least $71,158, and stating that an order might be entered forthwith, directing the trustee to draw a check in payment of the dividend due upon said sum pursuant to the order of this court, dated October 29, 1907, and "that neither the bankrupts nor the Sovereign Bank of Canada waives any rights by this stipulation." Thereupon an order was entered authorizing the payment, and the trustee paid 20 per cent. of the amount to the bank. Thereafter, and within a year after the beginning of the bankruptcy proceedings, the bank filed a separate proof of claim against the bankrupt Coe individually for $56,926, being the amount of the indebtedness after crediting upon it the 20 per cent. received on the original claim. The trustee moved to expunge this claim, and the referee granted the motion, and to review the order of the referee this proceeding is brought.

The bills of lading under which the goods were shipped consigned the goods to the Sovereign Bank of Canada. When they arrived in New York, and the drafts accompanying the bills had been paid, the Sovereign Bank of Canada had the legal title to the goods. When it authorized the delivery of the goods to the firm of Cadenas & Coe, it took trust receipts which, by express agreement, retained the title to the goods and their proceeds in the Sovereign Bank of Canada. By those receipts the firm of Cadenas & Coe agreed to turn over the proceeds to the bank as soon as they were collected. They did not do so, but appropriated such proceeds to their own purposes. Therefore the members of the firm of Cadenas & Coe were jointly liable to the bank upon a simple contract liability upon the acceptances, and also jointly and severally liable to the bank upon a claim either in tort or upon quasi contract, at the election of the bank, for the misappropriation of the proceeds of the goods. The measure of the liability undoubtedly was the amount of the acceptances. If the proceeds of the goods had exceeded the amount of the acceptances, the surplus would have been returned to the firm, but under the trust receipts the bank was entitled to have paid to it all the proceeds of the sales of the ostrich feathers, and any neglect to turn over such proceeds was a misap-

propriation of the money. For such misappropriation Cadenas & Coe were liable jointly and severally, and upon their bankruptcy the bank could file a double proof, both against the partnership assets and against the individual assets of each partner. In re Baxter, Fed. Cas. No. 1,119, 18 N. B. R. 62; In re Jordan (D. C.) 2 Fed. 319; In re Blackford, 35 App. Div. 330, 54 N. Y. Supp. 972; Lindley on Partnership (5th Ed.) 703; Loveland on Bankruptcy, 315, and cases cited; In re Parkers, 19 Q. B. Div. 84.

It is claimed by the counsel for the trustee that the receipt of the dividend under the composition was an election to treat the indebtedness as a simple contract indebtedness of the firm on the acceptances; but I cannot see that the doctrine of election has any application here. The bank could have originally put in a double proof, against the firm assets and against the individual assets of each partner. As the composition in terms did not propose to make any arrangement for the settlement of the individual indebtedness of Coe, no occasion arose for the exercise of an election, if the doctrine of election applies to such a case at all.

It is also urged by the counsel for the trustee that the receipt by the bank of the dividend under the composition was an admission that the claim made was a simple contract claim against the firm on the acceptances; but the stipulation made did not take any position as to the grounds of the claim. It simply fixed the amount of the claim at $71,158, and expressly reserved the rights of the bank. As the composition did not purport to settle any questions of the individual liability of Coe, whatever rights the bank had as against his individual estate remained unaffected.

The trustee's counsel in his brief, and the referee in his opinion, gives much weight to the cases of Chapman v. Forsyth, 2 How. 207, 11 L. Ed. 236, and Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147. These cases, and other similar cases, have established the rule that such a liability as existed in this case, notwithstanding the tortious element in the claim growing out of the misappropriation of the proceeds of the goods, is provable and dischargeable in bankruptcy; but I do not see that these cases have much application to the question involved in this case, or that they support the position of the trustee; the reverse rather. They establish that the claim of the bank is provable, but they do not seem to me to have any bearing on the real question in this case, whether the bank was entitled to make double proof against the firm assets and the individual assets of each partner.

My conclusion is that the order of the referee under review should be reversed, and that the proof of claim filed by the Sovereign Bank of Canada against the separate estate of Coe should be allowed.