### In re KARDOS et al. (two cases).

(Circuit Court of Appeals, Second Circuit. February 7, 1927.)

Nos. 162, 163.

1. **Bankruptcy ⊜⇒309—Proof of claim may be made against both a bankrupt partnership estate and estates of individual partners.**

Proof of claim may be made against both a bankrupt partnership estate and against estates of individual partners.

2. **Bankruptcy ⊜⇒354—Partnership debt is, in sense, debt of individual partners; which estate shall pay being question of marshaling assets (Bankruptcy Act, § 5g [Comp. St. § 9589]).**

Partnership debt is, in a sense, a demand against estates of individual partners, and question as to which estate shall pay, or be first devoted to payment, is matter of properly marshaling assets, under Bankruptcy Act, § 5g (Comp. St. § 9589).

3. **Bankruptcy ⊜⇒330—Proof of claim, reciting that partners, individually and as copartners, were liable held primarily claim against partnership estate.**

Proof of claim, reciting that K. and B., individually and as copartners, were at time of filing petition, and still are, justly indebted to claimant, *held* primarily claim against bankrupt partnership estate.

4. **Bankruptcy ⊜⇒336—Proofs of claim against partnership held amendable, after expiration of statutory year, to present claims against individual partners.**

Proofs of claim filed against bankrupt partnership within statutory year were amendable, after expiration of statutory year, to present claims against partners individually.

**5. Bankruptcy ⚖══440(11)—Order refusing to permit amendment of proof of claim after expiration of statutory year on ground of lack of power held reviewable by petition to revise.**

Court's refusal to permit amendment of proof of claim against bankrupt partnership after expiration of statutory year, so as to include claims against individual partners on ground of lack of power to grant amendment, *held* reviewable by petition to revise.

**6. Bankruptcy ⚖══440(11)—Refusal to permit amendment of proof of claim against partnership after expiration of statutory year, so far as it denied right to propound claim against individual estates, held appealable.**

Court's refusal to permit amendment of proof of claim against bankrupt partnership after expiration of statutory year, so as to include claims against individual partners, on ground of lack of power to grant amendment, in so far as it resulted in denial of any right even to propound claim against individual estates, *held* reviewable by appeal as of right, where appeal was taken before August 27, 1926.

Petitions to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Louis M. Kardos, Jr., and others, bankrupts. John O. Baldwin, creditor, was refused permission to amend proofs of claim, and he appeals and petitions to revise. Reversed and remitted, with directions.

Kardos and Burke, individually and as copartners, were duly adjudicated bankrupts. Within the statutory year Baldwin, as guardian ad litem, filed two proofs of claim, one on behalf of Ruhl, the other on behalf of Brummer, both of whom were infants. Both claims are for "moneys due the said infant deposited by him" upon a speculative trading account, "which transactions have been rescinded by [Baldwin, the guardian] on behalf of said infant."

The claiming part of the Ruhl claim is that "the said Louis M. Kardos, Jr., and John Burke, individually and as copartners," etc., were at the time of filing the petition and still are "justly and truly indebted to" Baldwin.

The claiming part of the Brummer claim is "that the above-named bankrupts, the persons by or against whom the petition for adjudication of bankruptcy has been filed, were at and before the filing of said petition, and still are, justly and truly indebted to" Baldwin.

After the expiration of the statutory year, Baldwin moved to amend these proofs of claim, so that the Ruhl proof would read in the claiming part thus: "That Louis M. Kardos, Jr., the bankrupt above named, and Louis M. Kardos, Jr., and John Burke, as co-partners composing the firm of Kardos & Burke, the bankrupts above named, being one of the persons and the firm against whom a petition for adjudication of bankruptcy has been filed, were at or before the filing of the said petition, and are, as such individual and as such firm," justly and truly indebted to Baldwin. The proposed amendment in respect of the Brummer claim is identical.

What Baldwin hoped to prove seems to be this: That Kardos individually transacted the business complained of with these rescinding infants; that he subsequently went into partnership with Burke and the partnership assumed the liabilities of Kardos. The court below refused the amendment on the ground that "the claim as originally filed was intended to be a claim only against the partnership estate," but holding further that, if power existed after the expiration of the year to grant the amendment, it should not be granted "as matter of discretion." Baldwin thereupon took this petition, and likewise an appeal.

Albert Falck and Bigham, Englar & Jones, all of New York·City, for petitioner appellant.

David W. Kahn, of New York City, for trustee in bankruptcy.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Neither the Bankruptcy Act (Comp. St. §§ 9585–9656) nor the General Orders prescribe in detail how a proof of debt shall be drawn. Section 57 (Comp. St. § 9641) and forms 31 and 32 give outlines, but nothing more. The exact wording of a proof of debt, like a pleading, must always be largely a matter of practice or habit.

[1] It cannot be doubted that a proof can be submitted, making claim against both a partnership estate and the estates of the individual partners. There is nothing necessarily inconsistent in making such demand. In re Coe (C. C. A.) 183 F. 745, affirming (D. C.) 169 F. 1002; In re McCoy (C. C. A.) 150 F. 106.

[2, 3] It is indeed true that every partnership debt is in a sense a demand against the estates of the individual partners. As to which estate shall pay, or be first devoted to payment, is a matter of properly marshaling the assets. Section 5g (Comp. St. § 9589). As matter of right, therefore, these claims, like any others, could have been filed against both the individual and the partnership property; but as matter of practice they were we

think read as being primarily filed against the partnership estate.

The original proofs are loosely drawn, and might be read as demands against both estates, and it is not unlikely that our feeling that they were well interpreted as claims against the firm arises mostly from the admitted infrequency of double claims.

[4] But they were actual claims filed, and under some circumstances they might be paid in part out of the individual assets. Therefore under a long line of cases (cited and considered in Rem. §§ 888, 889) they were amendable after the expiration of the statutory year. A far more extreme case of amendment than this is In re Kessler, 186 F. 127, decided in this court. We cannot agree with In re McCallum (D. C.) 127 F. 768, while In re Walton, Deady 510, Fed. Cas. No. 17,129, a case under the act of 1867, is not, we think, applicable. It was therefore error to hold (if such was the holding) that there was no power to grant the amendment.

[5, 6] This point could be and is reached by petition to revise. In so far, however, as the action of the court below resulted in a denial of any right even to propound a claim against the individual estate, appeal lay as of right at the time it was taken (i. e., before August 27, 1926). Result is that the order denying leave to amend is reversed, with costs, and the matter remitted, with direction to allow the amendment.

In making this direction we have not intimated any opinion as to the validity of Baldwin's claim, or whether he is any better off after amendment than he was before. Our holding is only that he was entitled to amend, if so advised.