## In re EALY et al.

District Court, E. D. Michigan, N. D.   March 2, 1929.

No. 1645.

Duffy & Duffy, of Bay City, Mich., for petitioner.

Clark & Henry, of Bay City, Mich., for trustee in bankruptcy.

TUTTLE, District Judge.   This bankruptcy cause is before the court on a petition of the Chemical National Bank of New York, a creditor, to review an order of one of the referees in bankruptcy denying its petition for leave to amend its claim, filed against the bankrupt partnership herein, so as to make such claim a claim, not only against said partnership, but also against certain individual bankrupts herein.   The material facts, which are undisputed, are as follows:

On February 5, 1927, the firm of Ealy, Pardee & Co., a partnership consisting of J. McNair Ealy, Peter C. Pardee, Amos L. Kinney, William P. Campbell, Charles W. Stacey, and David J. Evans, as partners, which partnership had been operating a private bank at Reese, Mich., under the name of the Bank of Reese, was adjudicated a bankrupt herein.   On the same day the members of said partnership just mentioned were also adjudicated bankrupts, as individuals, in this court.   Thereupon the causes in which said partnership and individuals, respectively, had been so adjudicated bankrupt were duly consolidated for the sake of convenient administration, although, of course, the rights and liabilities of each of said bankrupts and of the creditors thereof, as between themselves, remain unaffected by such consolidation.

On August 3, 1927, the above-named Chemical National Bank of New York filed a proof of claim against said bankrupt partnership, alleging therein that the "Bank of Reese, Ealy, Pardee & Co., a corporation by or against which a petition for adjudication of bankruptcy has been filed, was at and before the filing of said petition, and still is, justly and truly indebted to said corporation (namely, said Chemical National Bank of New York) in the sum of $20,000 and inter-

est from January 17, 1927; that the said debt exists upon a promissory note of which a copy is hereto annexed; that the consideration of said debt is as follows: Cash advanced; that the said debt was due on January 17, 1927." The said note, copy of which was so annexed to said proof of claim, was dated at Reese, Mich., September 15, 1926, payable to said Chemical National Bank of New York, in the sum of $20,000, and signed by "Bank of Reese, Ealy, Pardee & Company, by Peter C. Pardee, Cashier." No writing other than said note was attached to said proof of claim, and neither such note nor such proof of claim made any reference to any of the aforesaid individuals, as debtors or otherwise.

On February 16, 1928, this claimant filed herein a petition, which is the basis for the relief here sought. In said petition, as thereafter amended, the petitioner alleges that "upon September 15, 1926, J. McNair Ealy, Peter C. Pardee, and D. J. Evans, copartners as Bank of Reese, Ealy, Pardee & Company and J. McNair Ealy, Peter C. Pardee, and D. J. Evans, individually, became indebted to your petitioner in the sum of $20,000, represented by the promissory note of the Bank of Reese, Ealy, Pardee & Company, in said above sum and debt, which note was due and payable on January 17, 1927, but was not paid"; that "as additional security to said note the said J. McNair Ealy, Peter C. Pardee, and D. J. Evans respectively and severally entered into agreements with your petitioner, individually guaranteeing to your petitioner the payment of said note and interest at maturity, copies of which guaranty agreements are hereto attached"; and that "it is now contended that the claim of your petitioner as filed cannot be considered as filed against the individual copartners above set forth, and if such contention is correct, and if petitioner is not permitted to amend its claim, irreparable injury will be done to petitioner." The petition prays that the language of the aforesaid proof of claim be amended, so as to allege that said copartnership and said Ealy, Pardee, and Evans, as individuals, are indebted to the petitioner in the aforesaid sum; that copies of the said individual guaranty agreements be permitted to be attached to said proof of claim; that said proof of claim, when so amended, may be treated as the proof of claim of the petitioner against said copartnership, and also against the individual estates of said individuals, as bankrupts; and that, "in the distribution of the estates of these several bankrupts, petitioner

be permitted to have its share in such distribution in the order and to the amounts that it would have been entitled to, if its claim as now revised and amended had been so filed in the first instance." One of the instruments of guaranty so mentioned and referred to is signed by said J. McNair Ealy, and the other by said Peter C. Pardee and D. J. Evans. Each is dated September 22, 1926, at New York, and recites that: "Whereas, Bank of Reese, Reese, Michigan, hereinafter called the principal, desires to transact business with and procure credit from the Chemical National Bank of New York, and may from time to time, by reason thereof, be indebted to said bank; Now, therefore, for and in consideration of the premises and of one dollar to the undersigned in hand paid by said bank, the receipt of which is hereby acknowledged, and for the purpose of inducing said bank from time to time to extend credit to the principal, and for other valuable considerations, the undersigned jointly and severally hereby guarantee to said bank, its successors or assigns, the payment at maturity * * * of all bills, notes, checks, drafts, acceptances, negotiable instruments and evidences of debt made, endorsed or discounted to or through said bank by the principal, and of all indebtednesses, obligations and liabilities, whether matured or unmatured, now existing or hereafter incurred, of the principal to said bank."

The trustee in bankruptcy answered and opposed this petition, and the referee denied it. The grounds on which this decision of the referee was based are thus stated in the concluding sentences of the findings of law by which such decision was expressed: "These are entirely distinct and separate claims from that originally filed against the partners on their promissory note. Petitioner cannot be properly allowed to annex one claim to another in the guise of an amendment. The claimed right to amend would constitute an attempt to introduce new written instruments establishing entirely different obligations of an entirely different kind and class from that upon which the original claim is based. Petitioner lost its right to this relief by the expiration of the period of six months after the date of adjudication." The correctness of this ruling is the subject now presented to this court for consideration.

The reference, in the proof of claim, to the bankrupt firm as a corporation, instead of as the partnership, which it really was, was obviously an immaterial, if not merely clerical, mistake or variance, involving form,

and not substance, which, clearly, petitioner should be permitted to correct, as it seeks to do. The making of a change in phraseology of this sort is merely an amendment which, under the circumstances disclosed, should undoubtedly be permitted by the court. Indeed, this is not disputed, but appears to be conceded, by the trustee in bankruptcy.

Whether, however, petitioner is entitled to change the language of its proof of claim, filed against the bankrupt partnership as already described, so as to make it a claim against the bankrupt estates of the various individual members of said partnership, as petitioner seeks to do, is a wholly different question. On this question, after careful consideration of the able arguments and briefs submitted by counsel for the parties, and of the legal rules and principles applicable, I reach the conclusion that the ruling of the referee was correct.

■ There is a marked distinction between a claim against a partnership, based on a partnership debt, and a claim against one or more of the individual members of such partnership, based upon a debt of such individual members. This distinction is, of course, elementary and well established, and is recognized and observed in bankruptcy proceedings involving claims against a partnership and the individual members of such partnership. Thus, section 5f of the Bankruptcy Act, 11 USCA § 23 (f), provides as follows:

"The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts. Should any surplus remain of the property of any partner after paying his individual debts, such surplus shall be added to the partnership assets and be applied to the payment of the partnership debts. Should any surplus of the partnership property remain after paying the partnership debts, such surplus shall be added to the assets of the individual partners in the proportion of their respective interests in the partnership."

As was pointed out by the United States Supreme Court in the case of Schall v. Camors, 251 U. S. 239, at page 254, 40 S. Ct. 135, 138 (64 L. Ed. 247): "Section 5 of the Bankruptcy Act [11 USCA § 23] establishes on a firm basis the respective equities of the individual and firm creditors. Hence the distinction between individual and firm debtors is a matter of substance." Having in mind the differences between a debt of a partnership and a debt of an individual member of such partnership as distinguished from the secondary liability of such partner for the debts of his partnership, there can be no doubt that a claim filed against a bankrupt partnership by a partnership creditor is not, and cannot be treated as, a claim filed by such creditor against the estate of any individual member of such partnership, even if such individual member has also been adjudged a bankrupt. Schall v. Camors, supra; In re R. P. Brown & Co. (D. C.) 8 F. (2d) 53.

■ It is true that a creditor of a partnership whose claim against such partnership is based upon an indebtedness thereof, may also have another claim against an individual member of such partnership, based upon a personal indebtedness of such member. Such a situation is, indeed, presented in the instant case. The petitioner bank undoubtedly has one claim against the bankrupt partnership herein involved, arising from the promissory note executed and delivered by said partnership to the petitioner. This creditor also apparently has another claim against certain, although not all, of the persons who constituted the members of the bankrupt partnership, arising from the instruments of guaranty executed by such individuals in favor of the petitioner. These claims, however, are entirely separate and distinct, both in fact and in law, just as this partnership and the individual members thereof are wholly separate and distinct legal entities. In order to recover on its claim based upon this promissory note, it was necessary that the creditor should file its proof of claim against the debtor which contracted the debt on which such claim is based, namely, the partnership. In filing such proof of claim, this creditor was required to comply with all of the conditions governing the procedure regulating the filing of proofs of claim in bankruptcy. Likewise, in order to enforce its claim against the individual members of this partnership, who executed the instruments of guaranty already mentioned, and thereby contracted their personal indebtedness to the petitioner from which arose its claim against such individuals, it is necessary that this creditor shall duly file a proof of claim against the estates of such individual bankrupts, in the manner, and according to the requirements, prescribed by the applicable provisions of law.

■ One of these provisions is section 57n of the Bankruptcy Act, 11 USCA § 93 (n), which provides that, except under circumstances not here present, "claims shall not be

proved against a bankrupt estate subsequent to six months after the adjudication." This requirement is explicit, positive, and mandatory, and no court has any discretion or power to dispense with the prohibitory restriction thereby imposed upon the rights of claimants against such a bankrupt estate. This is too clear to require authority or discussion. As, therefore, the claim of the present claimant against the individuals composing the bankrupt partnership was not proved against the bankrupt estates of such individuals within six months after the adjudication of such bankrupts, it is clear that such claim cannot now be proved against such estates, as petitioner is seeking to do.

The contention of the petitioner to the effect that it is merely seeking leave to amend its claim, which was filed against the estate of the bankrupt partnership within the statutory period, is plainly without merit and cannot be sustained. Obviously, there can be neither necessity nor occasion to amend a claim, unless there has previously been such a claim. Petitioner, however, did not file, within the required six months, any claim against the individual members of this partnership, either based upon the contract of guaranty on which it now asserts the right to recover, or otherwise arising. The only claim which the petitioner did file within the required period of time, and hence the only claim which it may now be permitted to amend, was its claim against the bankrupt partnership, based upon the partnership liability arising from the promissory note already mentioned. This is not a case where, as in the case of In re Kardos, 17 F.(2d) 706 (C. C. A. 2), the claimant had filed proofs of claim which recited that both the partnership and the members thereof individually were indebted to such claimant, and which, therefore, as the court recognized and pointed out, were "loosely drawn, and might be read as demands against both estates," so that, in the opinion of the court, "they were amendable after the expiration of the statutory" period. The decision, therefore, in the case just cited, on which considerable stress and reliance is placed by the petitioner herein, is not applicable to the present case, where it clearly appears, from the language of the only proof of claim filed by the creditor within the statutory six months, as already quoted, and from the other facts and circumstances to which reference has been made, that said claim was so proved solely against the bankrupt partnership, and could not have been properly considered as open to the construction that it

might have been intended to be filed against any of the individual members of such partnership. As, therefore, no proof of claim has been legally filed against any of these individual bankrupts, there is no such claim which can now form the basis for any amendment, and, obviously, the claimant cannot convert what is, in its legal essence and character, a wholly new claim, into a mere amendment of another, and entirely separate and distinct, claim by calling it such. It is plain that to call this new claim an amendment is to confuse substance with form, and to grant the petition of the claimant would be to permit it to do indirectly what the bankruptcy statute clearly and positively prevents it from doing directly, which, of course, is beyond the power of this court. In re McCallum & McCallum (D. C.) 127 F. 768.

For the reasons stated, I reach the conclusion that, except as hereinbefore otherwise indicated, the petition of the claimant under consideration must be denied, and the cause remanded to the referees in bankruptcy for further proceedings in conformity to the terms of this opinion. An order to that effect may be entered.