### In re WILSON & TOMLINSON.
### No. 53048.

District Court, D. Massachusetts.

Jan. 27, 1937.

William G. Guernsey (of Bartlett, Jennings & Smith), of Boston, Mass., for Wm. A. Hamilton Co., creditor.

Herman Snyder (of Samuel L. Bailen), of Boston, Mass., for First Nat. Bank.

Sidney J. Kagan, of Boston, Mass., for trustee.

BREWSTER, District Judge.

From the referee's certificate, it appears that William W. Wilson and Everett F. Tomlinson were adjudicated bankrupts both individually and as a partnership.

The First National Bank filed a proof of claim against the bankrupts, which proof alleged: "that the said Wilson and Tomlinson, the persons by whom a petition for adjudication of bankruptcy has been filed, was at and before the filing of said petition, and still is, justly and truly indebted to said corporation in the sum of $20,076.65; that the consideration of said debt is as follows: Three promissory notes, with interest thereon, originals of which are hereto attached."

The referee has attached to his certificate the three notes referred to. One is for $10,000 signed by Wilson & Tomlinson and indorsed by Wilson and Tomlinson as individuals. The other two notes, aggregating originally $10,000, were notes of third parties indorsed by Wilson and Tomlinson as individuals.

It appears that through the efforts of the First National Bank, or its attorney, assets were discovered which were found to belong in part to the individual estate of Wilson. After the expiration of the time for filing claims, the First National Bank sought to amend its proof of claim so that it could prove against Wilson individually as indorser upon the said notes. The referee refused to allow any amendment on the theory that the motion to amend was not, in fact, a motion to amend, but rather a motion to prove a claim against another estate, following the case of In re McCallum & McCallum, (D.C.) 127 F. 768. See, to the same effect, In re Ealy et al. (D. C.) 31 F.(2d) 314.

I agree with the referee in the underlying proposition that a motion to amend which is not based upon some assertion of a claim against the same estate is not a

motion to amend at all, but an attempt to prove a claim in contravention of the statute (Bankr.Act § 57n, 11 U.S.C.A. § 93(n). A claim against a partnership and one against the individuals composing the partnership are against two different bankrupt estates. Schall v. Camors, 251 U.S. 239, 254, 40 S.Ct. 135, 64 L.Ed. 247; Liberty National Bank of Roanoke v. Bear, 276 U.S. 215, 48 S.Ct. 252, 72 L.Ed. 536; In re Hurley Mercantile Co. (C.C.A.) 56 F.(2d) 1023.

The bank has cited several cases in which the courts have displayed extreme liberality in allowing amendments to claims, but with the single exception of In re Fant (D.C.) 21 F.(2d) 182, these cases all dealt with amendments which perfected claims previously asserted against the same bankrupt estate.

The rule, as stated in the courts of this Circuit in Re Ragan (C.C.A.) 2 F.(2d) 785, 786, is that "While the courts have been liberal in the allowance of amendments of the proofs of claims, yet in all the cases cited by the counsel for petitioner there was some written document, however informal, which could be recognized as a claim made against the estate of the bankrupt and which could be the subject of amendment."

In re Fant, supra, was a case of a bankrupt partnership in which the individuals were also adjudicated. The proof of claim, however, according to its terms, was against the bankrupts, both individually and as co-partners. The court expressly refused to follow In re McCallum & McCallum, supra. The case was, in my opinion, distinguishable. The proof might easily have been construed as furnishing a basis for an amended claim against the individual.

The question presented on this certificate, as it seems to me, is whether it is possible to find in the first proof of claim by the bank anything that can be recognized as the assertion of a claim against the estate of the individual. I think such a foundation may be found in the fact that a proof was made against Wilson and Tomlinson without mentioning their partnership relation, but what is more significant is the fact that $10,000 of the indebtedness was represented by notes upon which the partnership clearly was not liable. Therefore, the original proof of claim, with the exhibits attached, showed that the bank was proving upon notes against Wilson and Tomlinson, not as partners, but as individuals. Having that informal written document before the court, I do not see why it cannot apply that measure of liberality, which courts have evidenced in a long line of cases, and allow the bank to amend its claim by proving against the bankrupt Wilson.

The order of the referee denying the motion to amend is reversed, and the bank may amend in accordance with its petition.